## Francis S. Graves *vs.* Stephen C. Bemis.

If labor and materials have been furnished and used in the erection of a building, under an entire contract, with no stipulation for any separate price for either, and there is no mechanic's lien for the whole, there can be none for any part.

Petition to enforce a mechanic's lien.

At the trial in the superior court, before *Brigham*, J., it appeared that A. L. Chapin agreed in writing to build a house for the respondent, according to certain specifications, for which the respondent agreed to pay sixty-four hundred dollars, " payments

to be made as follows : one thousand dollars when the first floor timbers are on; two thousand dollars when the brick work is done ; one thousand dollars when it is ready to plaster ; and the balance on completion of contract." The petitioner agreed in writing with Chapin to do all of the mason's work for the house for twenty-five hundred and fifty dollars, " to be paid as follows : one thousand dollars when the brick work is done, and five hundred dollars when the plastering is done, and the balance on the first of July 1863." The petitioner fulfilled his contract, performed certain work described in his bill of particulars, and furnished certain materials for which he was not entitled to a lien. And it was agreed, provided evidence to prove the same would be competent, that the contract was a profitable one ; that the profit consisted in the furnishing of the labor ; that the bricks furnished had a definite market value ; and that the prices named in the bill of particulars fairly denoted the value of the labor over and above the market value of the materials furnished, at the total price fixed by the contract.

Upon these facts judgment was ordered for the respondent, and the petitioner alleged exceptions.

*G. M. Stearns*, for the petitioner. This case may be distinguished from *Morrison* v. *Minot*, 5 Allen, 403. There are no payments ; the value of the labor may be ascertained and stated ; the contract was profitable, and means exist of showing on what part of the contract the profit accrued ; and a just apportionment of the whole price could be made.

*H. Morris & C. A. Winchester*, for the respondent.

HOAR, J. Notwithstanding the distinctions shown by the counsel for the petitioner between this case and *Morrison* v. *Minot*, 5 Allen, 403, we are of opinion that it comes within the principle stated in that case. There was no contract to which the respondent ever assented for furnishing any labor separate from materials. The petitioner has never been entitled to any payment for labor, either by express contract, or by an implied contract on a *quantum meruit*. The contract was entire for labor and materials ; and, there being no lien for the materials, there is none for the whole or for any part. There were other objections

to the recovery by the petitioner in *Morrison* v. *Minot,* which do not apply to the case at bar; but this point in which they are precisely alike is decisive.            *Exceptions overruled.*